IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN CLAIR,<br><br>Defendant. | **8:22CR83**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Nathan Clair's ("Clair") *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582 (Filing No. 151). Such relief is often referred to as compassionate release. *See United States v. Totoro*, 91 F.4th 1263, 1264 (8th Cir. 2024). Clair seeks relief based upon his medical conditions, specifically end-stage renal failure ("ESRF") and cardiac issues. In support of his motion, Clair provided medical documentation as well as his request for relief to the warden at his current facility, the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"), and the warden's response.[1]

Upon receiving this motion, the Court ordered the United States Probation and Pretrial Services Office to complete a compassionate release investigation. That investigation was completed and a report ("probation report") received on August 14, 2026 (Filing No. 154). The District of Nebraska's Federal Public Defender's Office was appointed to represent Clair, and on October 21, 2026, a Supplemental Brief was filed by appointed counsel (Filing No. 164). The Court has reviewed the submissions by Clair, the government, and the probation report, including the voluminous medical records provided.

For the reasons set forth herein, Clair's motion is denied.

[1]Clair has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

## I. BACKGROUND

Clair was charged in a superseding indictment with one count of possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Clair pleaded guilty pursuant to a written plea agreement (Filing No. 132). On March 7, 2025, Clair was sentenced to a 151-month term of imprisonment to be followed by five years of supervised release (Filing No. 144).

Having done well on pretrial release, Clair was afforded the opportunity to self-surrender at the time of sentencing which he did without issue. Clair's current projected release date from the Bureau of Prisons ("BOP") is September 5, 2035. The BOP has classified Clair as having a low risk of recidivism. He has been cleared to work at MCFP Springfield in his current work assignment as an orderly. Clair has no misconduct reports as of July 14, 2026, and has completed a number of classes through the BOP. For all of these things Clair is to be commended.

In support of this motion Clair primarily relies on diagnoses of ESRD. He began dialysis for that condition in December 2022. That medical information was available to the Court and considered at the time of sentencing. Clair also notes that he is suffering from cardiac issues.

Clair is currently classified by BOP as Care Level 4 Medical Care at MCFP Springfield, a level assigned to inmates who are physically impaired and require daily care. According to the BOP medical records, Clair's current conditions include anemia, anuria, oliguria, constipation, dependence on renal dialysis, ESRD, hypertension and secondary hyperparathyroidism.

A review of Clair's medical records and from the probation report, shows that although Clair does have ESRD, that condition is being effectively monitored and cared for in his current BOP facility. When necessary he has been transported to a nearby hospital for medical treatment. Clair is currently on the list for a kidney transplant which could occur within the next few years. A report in June 2026 from Springfield Nephrology

Associates indicates that Clair's medical issues, including his kidney function, are being properly cared for and controlled. It also appears that any other medical issues, including cardiac issues have improved and are also well-controlled.

## II. DISCUSSION

United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 allows a court to "reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(a). That section also requires that the "defendant not be a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(2) and (3).

Section 1B1.13(b) generally defines circumstances where the Court may find such extraordinary and compelling reasons justifying relief. With regard to medical circumstances, § 1B1.13(b)(1)(C) recognizes that extraordinary and compelling reasons may exist where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Clair argues that his cardiac condition places him within that section. Again, a review of the medical records and the probation report show that, although Clair had a history of cardiac issues, those issues have improved dramatically, and Clair is being provided with adequate medical care consistent with that condition. Clair has not established extraordinary and compelling reasons for relief due to his cardiac issues.

The next medical issue raised by Clair is his ESRD. Even though the Court was aware of the ESRD at the time of sentencing, § 1B1.13(e) provides: "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary

and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement."

Section 1B1.13(b)(1)(A) provides that extraordinary and compelling reasons can exist where:

> "the defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."

Given this language, Clair argues that his ESRD categorically dictates that he be released from prison. The Court does not agree. While §1B1.13(b)(1)(A) names end-stage organ disease (which would include ESRD) as an extraordinary and compelling reason for relief, the inquiry does not end there. "While end-stage organ disease can be a terminal illness, nothing in the Commission's policy statement indicates that it should be regarded as one in every instance." *United States v. Holley*, 179 F.4th 985, 990 (4th Cir. 2026).

In *Holley,* the Fourth Circuit reviewed the denial of compassionate release in circumstances similar to those raised by Clair:

> "As far as we can tell, nothing in [the medical record] suggests that he cannot receive a kidney transplant while incarcerated. In fact, when Holley mentioned his desire for a kidney transplant in his application for a sentence reduction, the Bureau of Prisons told him to speak with his doctor about the possibility. . . . [E]ven the statistics Holley cites indicate that transplant centers *are* willing to provide organ transplants to prisoners."

*Id.* at 991.

A number of factors militate against relief here. First, as of April 8, 2026, Clair was placed on the national transplant list and was told it would be 18 to 30 months before he would be high enough on the list to receive a phase one evaluation and approval.

Second, it appears that Clair's condition is known to the BOP and Clair is receiving adequate care through MCFP Springfield as well as specialists and local medical facilities

when necessary. Clair is afforded regular treatment, including kidney dialysis, and visits to a nephrologist on a regular basis. Again, he is currently on the transplant list and therefore is not currently on an end-of-life trajectory. Indeed, if and when he receives a kidney transplant, his trajectory could change dramatically.

Third, it is not clear that if released, a transplant would occur any faster or that Clair's medical treatment would be superior to the treatment he is receiving now through the BOP. "[T]he likelihood that Holley will receive a kidney once he is released from prison is similarly speculative." *Id.* at 991. Like *Holley*, Clair's "release plan" is also subject to a number of formidable contingencies. Clair provides only generalized statistics from a Federal Medical Facility (Devens) in which he has never been housed. As the Fourth Circuit noted in *Holley*:

> "Holley does not contend on appeal that the district court misinterpreted his medical records. Instead, he cites statistics showing that the average life expectancy for patients on dialysis is only five to ten years. But generalized statistics tell us little about Holley's particular condition. There is considerable variation in how patients respond to dialysis and what their overall health prognosis indicates. . . . The district court was therefore justified in focusing on Holley's specific medical records rather than statistical probabilities about a broader patient population."

*Id.* at 990.

Focusing on Clair's specific medical records, Clair's conditions, taken individually or together, do not currently rise to the level of extraordinary and compelling so as to justify relief.

Finally, the Court is also required to weigh the applicable factors under 18 U.S.C. § 3553(a). In this case, Clair was found guilty of a serious drug offense and received a substantial sentence. That offense carried a ten-year mandatory minimum sentence. Significantly, Clair has served less than 2 years of his 151-month sentence. The Court's thorough review of each of the relevant 3553(a) factors leads it to conclude that, regardless of Clair's medical issues, relief is not appropriate at this time.

IT IS SO ORDERED.

Dated this 24th day of November 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge